[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REDUCE BOND
The defendant, Rayford Boykin, stands charged with murder, conspiracy to commit murder and assault first degree. Boykin seeks reduction in his current bond of $250,000 to $150,000. For the reasons set forth below the motion is denied.
According to the warrant supporting Boykin's arrest, on December 16, 1995 at approximately 3:30 A.M., Tyrone Petty was shot and killed in a drive-by shooting that occurred near 52 Henry Street, New Haven. A second victim, James Moore, was also shot and injured during the incident. The police investigation developed three witnesses linking Boykin to the crime. Jovan Williams, although initially denying knowledge about the shooting, told the police that on December 15, 1995 he saw Boykin in a van that was linked to the shooting. Williams further told the police that approximately three hours before the shooting, he again saw Boykin and others in the same van. One of the occupants of the van, Edward Stanley, told Williams that the occupants were planning a drive-by shooting of Edward Manning, a/k/a "E-Wok" who was described as a drug dealer whose operation included the area of 52 Henry Street, New Haven.
A second witness, Terrance Rice, told police that he witnessed the shooting. Rice positively identified Emmanuel Desenna as the person firing shots from the van. Rice also told police that he was seventy-five percent certain that Boykin was driving the van at the time of the shooting.
A third witness, Ray Pridgen, placed Boykin and two others near the van used in, the shooting during the two days preceding the shooting. This van was recovered by the police and found to have broken glass that appeared similar to glass fragments found at the crime scene. All three witnesses positively identified the recovered van as the one they had seen. The owner of the van reported last seeing it on December 15, 1995 between 5:30 P.M. and 6:30 P.M.
On April 24, 1996, after a hearing, the court (Freedman, J.) found probable cause to support the murder prosecution of Boykin. The principle witness at the probable cause hearing was Terrance Rice.
The defense claims that despite the probable cause finding, the requested bond reduction should be granted because Rice recanted his statement at the probable cause hearing. The defense CT Page 4213-X points to Rice's use of drugs and his claim that he experienced, auditory and visual hallucinations as evidence of the weakness in the state's case.
In response, the state points to the probable cause finding made by the court and, more importantly, the circumstances of Boykin's arrest as factors supporting the existing bond. The state told the court that once the warrant was issued, Boykin was given the opportunity to surrender to the police. Boykin did not surrender but had to be arrested. At the time of his arrest, he was operating a rental car and wearing a disguise. The state also points to Boykin's felony record and his prior use of another name and date of birth and additional facts requiring a substantial bond.
At the time the warrant was issued, bond was set at $250,000. The claims as to the credibility of Terrance Rice, while significant, are counterbalanced by the other factors concerning the defendant's background and circumstances of his arrest. The court therefore finds that the present bond amount remains appropriate.
Conclusion
The defendant's motion to reduce bond is denied.
Dated at New Haven, Connecticut this 10th day of May, 1996.
Robert J. Delvin Jr., Judge